# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHESTER BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-9121** |
| **DARRYL VANNOY** | **SECTION: "M"(3)** |

## REPORT AND RECOMMENDATION

Petitioner, Chester Brown, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  According to the allegations he makes in his application and the attachments thereto, he was convicted in the Orleans Parish Criminal District Court of second degree murder and sentenced to a term of life imprisonment in 1982.

Petitioner indicates that he filed this federal application as a "protective petition," and he asks that that these federal proceedings be stayed while he pursues his remedies in the state courts. See Pace DiGuglielmo, 544 U.S. 408, 416 (2005).  However, although the entry of such a stay is permissible, the United States Supreme Court has held:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.  Cf. Duncan [v. Walker, 533 U.S. 167, 180 (2001)] ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
> 
> For these reasons, stay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, *even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.*  Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the

merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Rhines v. Weber, 544 U.S. 269, 277 (2005) (emphasis added).

Here, petitioner asserts a single claim for habeas corpus relief, i.e. that newly discovered evidence proves that he is actually innocent of the crime of which he stands convicted. However, actual innocence simply is not a cognizable ground for federal habeas corpus relief. As Justice Holmes noted long ago, what a federal habeas court has "to deal with is *not* the petitioner['s] innocence or guilt but *solely* the question whether [his] constitutional rights have been preserved." Moore v. Dempsey, 261 U.S. 86, 87-88 (1923) (emphasis added). The Supreme Court reiterated that view seventy years later, noting:

> Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. ... This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – *not* to correct errors of fact.

Herrera v. Collins, 506 U.S. 390, 400 (1993) (emphasis added); see also Kincy v. Dretke, 92 F. App'x 87, 92 (5th Cir. 2004) ("[I]t has long been the rule in this circuit that claims of actual innocence based on newly discovered evidence alone are not cognizable under federal habeas corpus."); Lucas v. Johnson, 132 F.3d 1069, 1074 (5th Cir. 1998) (same). Where, as here, a convicted inmate uncovers new evidence tending to prove his innocence, his recourse is to seek executive clemency, not federal habeas corpus relief. Herrera, 506 U.S. at 417.

Because petitioner's sole habeas corpus claim is not cognizable, his request for a stay should be denied. See Boyd v. Martin, 747 F. App'x 712, 715 n.4 (10th Cir. 2018); Byrd v.

2

Bauman, 275 F. Supp. 3d 842, 849 (E.D. Mich. 2017).  Further, in that the claim affords no basis for federal relief, his federal application should be dismissed with prejudice.[1]

### RECOMMENDATION

It is therefore **RECOMMENDED** that petitioner's request for a stay be **DENIED** and that his federal application for habeas corpus relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this __20th__ day of May, 2019.

 

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides:  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[2] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.